By the Court.*—Platt Potter, J.
There can be no question that most, if not all of the matters stricken out of the defendant’s' answer were immaterial in an . action by the plaintiff for divorce based upon the provision of the statute, that the plaintiff had.another and a former wife living at the time of his marriage to the *317 defendant; and though such marriages are void (2 Rev. Stat., 139, § 5, subd. 2), yet it would seem that the party who has knowingly entered into such second marriage cannot relieve himself from his civil liabilities under such second marriage until legally relieved, by a decree of the court upon application made therefor (2 Rev. Stat., 142, § 22 ;1 Id. 5 ed., vol. 3, p. 233, § 33).
The complaint, it will be seen, avers a marriage between plaintiff and one Susannah B-, in England, in 1839; that he (plaintiff) left her in England about one year thereafter; and in July, 1865, married the defendant in the city of New York; that he continued to . live with her from then until July, 1871, and had issue by her, two children, who now survive. These are all the material facts necessary for the plaintiff to prove, except also, that his first wife is still living, and that the said marriage with her remained in full force at the time of his marriage with the defendant, and also, for certain purposes, that she was living at the commencement of the action (2 Rev. Stat., 142, § 22). It is the fair construction of the complaint, that the plaintiff absented himself from his former wife, from the year 1840, until his marriage with the defendant, but there is no written allegation, nor inference, that she absented herself from him. Proper matters for defense in such an action, are, that the former wife was not living at the time of the marriage to the defendant; that she was not living at the time of the commencement of the action, and also, all matters relating to the question of the legitimizing of the children; and questions affecting the costs of the action, and perhaps, also the question of alimony, are proper to be set up in the answer.
In this view, I think the matter set up in the fourth subdivision of the answer, and stricken out, ‘ ‘ that the defendant has no knowledge or information sufficient to form a belief whether the said Susannah was living *318 at the commencement of this action,” was a material allegation in order to join issue upon the statement in the plaintiff’s complaint, that she is still living. This allegation should not have been stricken out.
So, too, I think, that so much of the eighth subdivision of the defendant’s answer stricken out, as is in the following words: “ The defendant denies that before and at the time of the said marriage with the plaintiff, she was informed, or knew, or had reason to believe of the former marriage between the plaintiff and his first wife, the said Susannah B-was material as an answer to the allegation in the complaint, that before and at the time of said marriage with defendant, she was informed and knew of said first marriage between plaintiff and said Susannah.” Though the fact of knowledge might not be a perfect defense, the • omission to deny the charge would be an omission of a fact very material upon the question of costs, and perhaps of the legitimacy of the children and of alimony. If it was material to charge this knowledge upon the defendant, it was equally material for her to deny it if not true. It does not well become the plaintiff to object to her denial of a fact which he relies upon as sufficiently material against her to charge in the com. plaint. The other matters struck out at special term, do not seem to be material to the issues to be-tried.
The order of the special term should be modified, as above suggested, without costs to either party on .the appeal.

Present, Miller, Potter and Parker, JJ.